UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAYWARD MCGOUGH,
    Plaintiffs,

-vs.-                                    **DEMAND FOR JURY TRIAL**

SMS FINANCIAL JDC, LP,
    Defendant.
_____

## **COMPLAINT & JURY DEMAND**

Plaintiff, Hayward McGough, through counsel, Credit Repair Lawyers of America, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## **PARTIES**

2. Plaintiff is a natural person residing in the City of Farmington Hills, Oakland County, Michigan. Mr. McGough is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a

1

"consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is SMS Financial JDC, LP, which is an Arizona company that conducts business in the State of Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in the City of Farmington Hills, Oakland County, Michigan.
5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff to Guaranty Bank with a principal balance of $19,925.85 ("alleged Debt").
7. The alleged debt was included in his Chapter 13 Bankruptcy and discharged.
8. In January 2010, Mr. McGough filed for Chapter 13 Bankruptcy.
9. Mr. McGough completed all of his payments under the Chapter 13 Bankruptcy plan.
10. On or about July 28, 2015, the bankruptcy court discharged Mr. McGough's debts.

11. On or about August 12, 2015, Mr. McGough received a certificate of discharge regarding the alleged Debt.

12. On or about June 5, 2017, Defendant sent a letter to Mr. McGough that stated that Mr. McGough owed a principal balance of $36,528.47.

13. On or about June 9, 2017, Defendant sent another letter to Plaintiff attempting to collect the alleged Debt. This letter stated that the correct principal balance is $19,925.85.

14. Mr. McGough does not owe the alleged debt, as it was discharged by the bankruptcy court.

15. Mr. McGough has suffered stress, frustration, anxiety and other emotional distress as a result of Defendant's actions to collect the alleged debt.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant violated this provision by misrepresenting the character, amount and legal status of the alleged Debt.

    b. 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant violated this provision by attempting to collect a Debt that was discharged in Mr. McGough's bankruptcy.

    c. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law as the Debt was discharged in Mr. McGough's bankruptcy.

21. Mr. McGough has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Mr. McGough is a debtor as that term is defined in M.C.L. § 339.901(f).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by misrepresenting the alleged Debt in the letters it sent to Mr. McGough.

   b. M.C.L. § 339.915(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant misrepresented the alleged Debt by attempting to collect the alleged Debt even though it was discharged through Mr. McGough's bankruptcy.

   c. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

26. Mr. McGough has suffered damages as a result of these violations of the Michigan Occupational Code.

27. These violations of the Michigan Occupational Code were willful.

## **COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**

28. Plaintiff incorporates the preceding allegations by reference.

29. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

30. Plaintiff is a "Consumer" as that term is defined at M.C.L. § 445.251.

31. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by misrepresenting the alleged Debt in the letters it sent to Mr. McGough.

    b. M.C.L. § 445.252(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Debt by attempting to collect the alleged Debt even though it was discharged through Mr. McGough's bankruptcy.

    c. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

32. Mr. McGough has suffered damages as a result of these violations of the MCPA.

33. These violations of the MCPA were willful.

## **DEMAND FOR JUDGMENT FOR RELIEF**

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendants:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this action.

Respectfully submitted,

Dated: June 29, 2017

/s/ Gary D. Nitzkin
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com